**SO ORDERED.**

**SIGNED this 05 day of November, 2012.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

WINSLOW THORNTON and                           CASE NO. 12-01216-8-JRL
LERIA TIGNEY-THORTON,                          CHAPTER 7

      DEBTORS.

_____

## ORDER

This matter came before the court on the trustee's objection to debtors' claim of exemptions and motion for turnover. A hearing was held on November 1, 2012, in Raleigh, North Carolina.

The debtors filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code on February 16, 2012. In their original petition, the debtors stated that they had no bank accounts at the time of filing. This claim was reasserted at the 341 meeting on March 14, 2012, when they signed, under penalty of perjury, the trustee's form confirming that their schedules were accurate. On June 19, 2012, the debtors amended their schedules to list a joint bank account at the State Employees Credit Union ("SECU") with a balance of $130.83. The February bank account statements from the debtors' SECU accounts show that the actual

balances owned by the debtors were $1,550.10 in a joint checking account and $6,322.04 in a joint savings account. On August 15, 2012, the trustee filed a motion for turnover seeking recovery of the non-exempt funds in the unreported accounts. The debtors amended their schedules for a second time on August 23, 2012, this time listing the account balances noted above. In these second amended schedules, the debtors sought to exempt all the funds contained in the two SECU bank accounts as wages and salary received within sixty days prior to the petition. On September 13, 2012, the trustee filed an objection to the debtors' claims of exemption contending that the exemptions were taken in bad faith.

  At the hearing, the female debtor testified that at the time of filing she was confused about what bank accounts had to be listed on the petition. She thought that the petition asked her to disclose any accounts that would be opened after the filing. Counsel for the debtors stated that the first amendment to the schedules failed to list the two accounts because counsel amended the schedules responding to a list of assets which the bankruptcy administrator contended were missing from the schedules.

  Counsel for the debtors argued that the trustee was unable to prove bad faith on the part of the debtors in failing to disclose these accounts. Counsel showed that the money in the accounts were wages earned by the male debtor. The fact that the money came from wages earned within sixty days of filing, debtors' counsel argued, showed that there was no motivation to hide the accounts as they would have been fully exemptible had they been disclosed.

  Based on the record before the court, the court does not find it credible that the debtors, with their levels of knowledge and expertise, could have both misunderstood the question about bank accounts on the petition, and misread the trustee's form and signed it under oath saying that

they had no bank accounts on the day of filing.  The female debtor is a minister who operates a non-profit.  She has a bachelor's degree and is currently pursuing a master's degree.  The day before the petition was filed she deposited $5,000.00 into the undisclosed account.  Her husband, the male debtor, works as a mortgage loan officer at a banking institution.  The misrepresentation that they had no bank accounts was made by the debtors multiple times: on their original schedules, the trustee's form they filled out at the 341 meeting, and their first amended schedules.  The only inference that arises from this course of action is that the debtors did not want the trustee and the bankruptcy administrator to know about these accounts.  This failure to disclose the accounts was done in bad faith. Accordingly, the trustee's motion for turnover is **ALLOWED** and his objection to exemption is **SUSTAINED**.  In re Yonikus, 996 F.2d 866 (7th Cir. 1993);  In re Stinson, 221 B.R. 726, 728 (Bankr. E.D. Mich. 1998).  It is ordered that the money in the accounts, $7,872.14, on February 16, 2012, the day of filing, be turned over to the trustee as part of the bankruptcy estate.

## END OF DOCUMENT